UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Trustees for the IBEW, LOCAL NO. 1, HEALTH AND WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MAXIMUM COMMUNICATIONS, INC. d/b/a COMMWORLD OF ST. LOUIS, <br><br> Defendant. | Case No. 4:08CV1867 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Revival of Judgment. (ECF No. 24).

### **BACKGROUND**

On May 5, 2009, this Court entered a Default Judgment in favor of Plaintiffs and against Defendant in the amount of $112,790.46 (ECF No. 24-1 at 1-2). On July 10, 2009, Plaintiffs filed garnishment on Defendant's bank account with National City Bank. (ECF No. 24-1 at 3-4). On July 27, 2009, Plaintiffs filed a Registration of Foreign Judgment in the Circuit Court of St. Louis County, State of Missouri, Twenty-First Judicial Circuit. (ECF No. 24-1 at 5-12). On August 3, 2009, Plaintiffs filed a Registration of Foreign Judgment in the Circuit Court of St. Louis City, State of Missouri, Twenty-Second Judicial Circuit. (ECF No. 24-1 at 13-21). The Default Judgment remains unsatisfied. (ECF No. 24, ¶5). This Motion for Revival of Judgment was filed on May 14, 2019 (ECF No. 24).

### **DISCUSSION**

Defendant argues that the Motion for Revival of Judgment (ECF No. 24) was untimely

1

because it was filed more than ten years after the Judgment was entered. (ECF No. 35). Defendant asserts, "Plaintiffs appear to be attempting to claim that the registration of the Judgment entered in this case in the Circuit Court of St. Louis County and then Circuit Court of the City of St. Louis revived the judgment in the United States District Court for the Eastern District of Missouri. That simply isn't consistent with Rule 74.09 of the Missouri Rules of Civil Procedure, R.S.Mo. §516.350, or the case law discussed above." (ECF No. 35, ¶12 (referencing *Luck Leung v. Tuen Fu*, 241 S.W.3d 838 (Mo. App. 2007) and *Walnut Grove Products v. Schnell*, 659 S.W.2d 6 (Mo. App. 1983)). Thus, Defendant claims Plaintiffs were required to file their Motion to Revive Judgment within ten years from the date the Judgment was entered in this case, May 5, 2009. (ECF No. 35, ¶13).

The Court holds that the language of the Missouri statute and the case law contradicts Defendant's position. The text of Missouri Supreme Court Rule 74.09 and R.S. Mo. §516.350 do not require the revival of judgment occur in the same court in which the original judgment was entered:

> Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, except for any judgment, order, or decree awarding child support or maintenance or dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment which mandates the making of payments over a period of time or payments in the future, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or **if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival** . . .

R.S. Mo. §516.350 (emphasis added). The Missouri Court of Appeals likewise has noted that registry of a foreign judgment revives the judgment in the Missouri Courts. *See Leung v. Fu*, 241 S.W.3d 838, 840 (Mo. Ct. App. 2007) ("The court found that when the foreign judgment was registered, it was revived, or became a new judgment in the Missouri courts."). In addition, 28

U.S.C. §1963, does not preclude revival of judgment in this case.[1] *See Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965) (where plaintiff registered foreign (Mississippi District Court) judgment in Missouri District Court, the "the Missouri federal registration equated with a new Missouri federal judgment on the original Mississippi federal judgment").

The Court holds that this Court's May 5, 2009 Judgment was revived when Plaintiffs registered their foreign judgment in the Circuit Court of St. Louis County on July 27, 2009 and in the Circuit Court of the City of St. Louis on August 3, 2009. The last prior revival of the Judgment occurred on August 3, 2009 when Plaintiffs registered the Judgment in the Circuit of St. Louis City. This Motion for Revival of Judgment was filed on May 14, 2019 (ECF No. 24). Thus, the Court holds that the Motion for Revival of Judgment was timely because it was filed within ten years of the last registry and revival of Judgment. *See* Missouri Supreme Court Rule 74.09; R.S. Mo. §516.350; 28 U.S.C. §1963; *Stanford v. Utley*, 341 F.2d 265, 267-71 (8th Cir. 1965).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Revival of Judgment. (ECF No. 24) is **GRANTED**.

---

[1] 28 U.S.C. §1963 provides: "A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

3

Dated this 16th day of January, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE